UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| LAVONE GANITHUS DIXON, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER JOSHUA GILES,<br><br>    Defendant. | Civil Action No. 2: 22-31-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lavone Dixon has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by prior Order. [R. 7] The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Dixon alleges that shortly before midnight on September 17, 2019, he was riding as a passenger in a vehicle being driven on Interstate 75 in Grant County, Kentucky. At that time, Kentucky State Police Officer Joshua Giles pulled the vehicle over. Dixon alleges that after the stop, Giles and two unidentified officers strip searched him on the side of the highway, directing their flashlights towards his genitalia in plain view of any passing motorists. Dixon, who is African-American, notes that the driver, a white woman, did not experience the same treatment. Dixon also states that a KSP officer made rude and vulgar comments about his

genitalia. Dixon contends that this conduct violated his right to privacy and to be free from unwarranted intrusions upon his person under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Dixon seeks damages. [R. 1 at 2-4, 8]

Dixon subsequently filed a motion to amend his complaint. [R. 8] Dixon included with that motion an "Amended Statement of Claim," [R. 8 at 6-18], which the Court construes as his tendered amended complaint. Because the defendants have not yet been served with process, Dixon is entitled to amend his complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1). The Court will therefore grant Dixon's motion and treat his "Amended Statement of Claim" as his amended complaint.

Dixon's amended complaint provides more detailed factual allegations regarding the events of the evening in question. Dixon indicates that after the driver of the vehicle was removed and placed in the officer's cruiser, the officer searched Dixon's person but found nothing suspicious. The officer's search of the vehicle, however, uncovered a white plastic bag containing narcotics. [R. 8 at 6-8] Dixon alleges that Giles then searched him again, and while doing so forcefully pulled on Dixon's testicles three times. *Id*. at 8. Dixon also states that during his criminal trial in May 2021, Officer Giles testified falsely that he had not "strip searched" Dixon that evening. [R. 8 at 9] Dixon reiterates that during the strip search officer Giles made no effort to block anyone's view of his naked body. The search did not reveal any contraband, nor did a subsequent search conducted at the Bourbon County Jail. *Id*. at 9-11. Dixon contends that the search, which involved "extreme pain by deliberately grabbing, pulling and squeezing the Plaintiff Dixon testicles" was unreasonable in violation of the Fourth Amendment. [R. 8 at 16-17]

The Court has reviewed the complaint, and concludes that it must be dismissed. It is important to note at the outset what the complaint does ***not*** claim: that the officer's initial stop and

subsequent search were conducted without probable cause or were otherwise invalid in a manner that implicated later criminal proceedings. Following the search, Dixon was arrested and charged with drug possession and drug trafficking charges. *Commonwealth v. Dixon*, No. 19-F-00227 (Grant Co. Dist. Ct. 2019).[1] After a search of his home, a state grand jury issued an indictment a few weeks later. *Commonwealth v. Dixon*, No. 19-CR-00136 (Grant Co. Cir. Ct. 2019).[2] In January 2020, a federal grand jury issued an indictment charging Dixon with drug trafficking and firearms offenses in this Court. A jury found Dixon guilty of these offenses, and he was sentenced to 312 months imprisonment in October 2021. As of this writing, Dixon's appeal to the Sixth Circuit remains pending. *See United States v. Dixon*, No. 2: 20-CR-2-DLB-CJS-1 (E.D. Ky. 2020). Dixon therefore stands convicted of several crimes bearing some relation to the initial stop and search.

Dixon's factual allegations suggest that he does not believe that there was probable cause for the initial stop of the vehicle or its subsequent search. But he expressly disavows any intention to make the asserted absence of probable cause part of his claim. *See* [R. 8 at 6 ("The probable for [the] stop is one of a few [non-]issues in the claim of the Plaintiff."); *Id*. at 8 ("**None of the above is of issue the Plaintiff claim as it sets.**") (emphasis in original)]. Rightfully so, as a claim for damages based upon actions whose asserted unlawfulness would render a conviction or sentence invalid is not cognizable under Section 1983 unless and until the resulting conviction is vacated or invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Dixon's claim focuses

---

[1] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=041&court=1&division=DI&caseNumber=19-F-00227&caseTypeCode=FE&client_id=0 (accessed on July 8, 2022).

[2] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=041&court=1&division=CI&caseNumber =19-CR-00136&caseTypeCode=CR&client_id=0 (accessed on July 8, 2022).

solely upon the excessive or humiliating nature of the search, *Heck* is not implicated under the facts of this case. *Cf. Brown v. Racine Cnty.*, 775 F. App'x 256, 257 (7th Cir. 2019); *Burke v. Twp. of Cheltenham*, 742 F. Supp. 2d 660, 670 (E.D. Pa. 2010) ("Since Burke's claim that the strip searches were unreasonable will thus focus on the circumstances under which they occurred, and not his ultimate culpability for an offense, he may contend that the searches were unreasonable without claiming that his later conviction was invalid. Consequently, *Heck* does not foreclose Burke's claim under Count I that he was unlawfully strip searched.").

However, Dixon's claims regarding the search are barred by the statute of limitations. Federal principles govern when a claim under Section 1983 accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A Section 1983 claim accrues on the date when the plaintiff should have discovered the injury which forms the basis for his claims through the exercise of reasonable diligence. *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). Dixon's claim that the search was overly invasive and publicly humiliating accrued immediately. *Cf. Beckham v. Camden Cnty. Corr. Facility*, No. 16-CV-6504-JBS-AMD, 2017 WL 202173, at *2 n.2 (D.N.J. Jan. 17, 2017) ("The allegedly unlawful nature of the strip search that occurred at CCCF would have been immediately known by Plaintiff at the time of the search..."); *Braxton v. Zavaras*, No. 09-CV-1218-LTB-KMT, 2009 WL 5743217, at *4 (D. Colo. Dec. 11, 2009) (same). Dixon's claims under Section 1983 are governed by Kentucky's one-year limitations period for personal injuries. *See* Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). The limitations period for Dixon to file suit regarding his Section 1983 claim therefore expired on September 17, 2020. Dixon filed suit on March 10, 2022, the day he signed his complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Dixon's complaint was filed eighteen months after the expiration of the limitations period, and is therefore time-barred.

Accordingly, it is **ORDERED** as follows:

1. Dixon's motion to amend his complaint [R. 8] is **GRANTED**.

2. Dixon's complaint [R. 1], as amended [R. 8 at 8-16], is **DISMISSED** with prejudice.

3. This matter is **STRICKEN** from the active docket.

Entered: July 11, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY